UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAPHAEL MENDEZ, | Case No. 20-CV-0924 (ECT/ECW) |
| Petitioner, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| S. KALLIS and J. WADE, | |
| Respondents. | |

This action comes before the Court on Petitioner Raphael Mendez's (1) filing titled "Motion to Accept 28 USC 2241 Writ on Petition Without [In Forma] Pauperis Application or FMC Rochester, MN Ledger" (Dkt. 1 ("Motion"));[1] and (2) filing titled "Motion for [Restraining] Order on Subject of Abusive Federal Medical Center Condition 28 USC 2241" (Dkt. 2 ("TRO Motion")).  For the following reasons, the Court (1) grants the Motion's request that Mendez be allowed to proceed in forma pauperis ("IFP"); (2) recommends that Mendez's implicit § 2241 petition be dismissed without prejudice for lack of jurisdiction; and (3) recommends denying the TRO Motion as moot.

Mendez filed the Motion on April 10, 2020.  (*See* Dkt. 1 at 1.)  The Motion asks the Court to "file [Mendez's] Complaint without moving to use [FMC-Rochester] staff ledger."  (*Id.*)  The Court construes the Motion as asking the Court to grant Mendez IFP

---

[1] Throughout this filing, the Court corrects capitalization when quoting Mendez's filings without individually noting each instance.

status in this action without him providing an IFP application or a "certified copy of [his] trust fund account statement" as required by 28 U.S.C. § 1915(a)(2). Given that the Motion's title specifically invokes 28 U.S.C. § 2241 (*see id.*), the Court further construes Mendez as seeking to file a petition for a writ of habeas corpus rather seeking to file a standard civil action.

The one-page Motion provides little detail. It appears that Mendez is presently civilly committed at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). (*See id.*) He brings this action against "S. Kallis" and "J. Wades"—respectively, FMC-Rochester's warden and assistant warden. (*See id.*) Mendez appears to allege that (1) FMC-Rochester staff have implemented various measures aimed at preventing the COVID-19 virus from entering FMC-Rochester; (2) under these measures, "inmates are confined to their cells, [without] T.V." or "recreation"; and (3) these measures are inappropriately "punitive." (*Id.*)

Contemporaneously with the Motion, Mendez also filed the TRO Motion. The TRO Motion contains additional allegations about conditions at FMC-Rochester. (*See, e.g.*, Dkt. 2 at 2 (noting new procedures concerning showers and phone calls); *id.* at 5 (alleging that FMC-Rochester staff are not wearing masks).) The TRO Motion is not entirely clear, but the Court construes Mendez as asking the Court to enter (immediately) an order reversing several of the recently enacted measures, including reinstating television privileges, library time, and recreation. (*See id.* at 5-6.) Mendez also suggests that appropriate social distancing is not possible under the current conditions at FMC-Rochester (*see id.* at 4-5), but does not seek relief with respect to that complaint. Rather,

Mendez also would like this Court to order administrators at FMC-Rochester to "focus on their staffs, not the inmates," including requiring staff to wear masks. (*Id.* at 5-6.)

As a preliminary point, the Court observes that Mendez's Motion, taken literally, asks merely for permission to file a § 2241 motion without filing an IFP application (and presumably without paying this action's filing fee). But the Court must construe pro se litigants' filings liberally. *See, e.g.*, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Given this requirement, the Court construes Mendez's Motion and TRO Motion as trying to present an actual § 2241 petition, and not merely as a motion for IFP status and a motion for a temporary restraining order ("TRO").

The Court will first address Mendez's request to proceed IFP. Generally, to proceed IFP, one must submit an application with materials permitting the court to assess the applicant's financial situation. *See* 28 U.S.C. § 1915(a)(1).[2] Applying this rule strictly here would compel the Court to deny Mendez's request to proceed IFP. But Mendez is a frequent litigator in this District, and in numerous relatively recent cases, courts in this District have found that Mendez should be permitted to proceed IFP. *See,*

---

[2]  Section 1915(a)(1) refers to prisoners, but numerous cases establish that its application requirement applies to all IFP applicants, even nonprisoners. *See, e.g.*, *Nichole K. v. Comm'r of Soc. Sec.*, No. 19-CV-1662 (SER), 2019 WL 3037087, at *1 n.1 (citing cases) (D. Minn. July 11, 2019). As a result, even if Mendez's civil commitment does not make him a "prisoner" under the definition provided by 28 U.S.C. § 1915(h), *see, e.g.*, *Wattleton v. Doe*, No. 18-CV-0793 (ECT/BRT), 2018 WL 8806083, at *2 (D. Minn. Dec. 3, 2018) (citing cases), *R&R adopted sub nom. Wattleton v. Hodge*, 2019 WL 2432159 (D. Minn. June 11, 2019), *aff'd*, 798 F. App'x 964 (8th Cir. 2020), he still generally would have to file an IFP application if he wanted to proceed IFP.

3

*e.g.*, Order 1, *Mendez v. FMC Facility Section*, No. 19-CV-2820 (NEB/TNL) (D. Minn. Feb. 19, 2020); Order 1, *Mendez v. Paul*, No. 18-CV-2817 (PJS/HB) (D. Minn. Oct. 25, 2018). Given these filings, and the fact that Mendez has long been an FMC-Rochester detainee, the Court concludes that he qualifies for IFP status for this action's purposes.

The Court will now consider the (implicit) § 2241 petition itself. As discussed above, under this Court's view of Mendez's filings, he presents a motion under 28 U.S.C. § 2241 challenging restrictions placed on FMC-Rochester detainees due to the nationwide COVID-19 crisis. This raises the question of whether this Court has jurisdiction over a § 2241 petition raising such a challenge.

The Eighth Circuit has made clear that if one "'is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.'" *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (quoting *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)). This issue is jurisdictional: if one raises a conditions-of-confinement claim in a § 2241 petition, a district court lacks jurisdiction over the claim. *See, e.g.*, *Kruger*, 77 F.3d at 1073; *Liban M.M. v. Sec'y of Dep't of Homeland Sec.*, No. 18-CV-1732 (JRT/TNL), 2019 WL 2331642, at *3 (D. Minn. Apr. 11, 2019), *R&R adopted*, 2019 WL 2329655 (D. Minn. May 31, 2019).

This action does not challenge the validity or length of Mendez's civil commitment. His complaint is plainly about his conditions of confinement: he claims that COVID-19–related restrictions implemented by FMC-Rochester staff are improper or insufficient. Nothing in the Motion suggests that Mendez seeks his release. As a

result, this court lacks jurisdiction to address the Motion.[3] To press his present claims, Mendez needs to file a civil action—and because it is federal officials' actions at issue, he presumably needs to try to bring an action based on *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Generally, it is not an insurmountable problem when an unrepresented litigant's pleading uses the wrong label. Unrepresented litigants who are not themselves attorneys "should not unreasonably be subjected to stringent procedural niceties," *Papantony v. Hedrick*, 215 F.3d 863, 865 (8th Cir. 2000) (per curiam) (citing *Miles v. Ertl Co.*, 722 F.2d 434 (8th Cir. 1983)), and, in many circumstances, it is appropriate to construe a pleading labeled as a habeas petition to be a civil complaint (or vice versa), *see Spencer*, 774 F.3d at 471.

There are problems with that approach here, though. First, the Motion, viewed as a prospective complaint, does not comply with the Federal Rules of Civil Procedure. Second, the Motion names two respondents: S. Kallis and J. Wades. (*See* Dkt. 1 at 1.) But neither the Motion nor the TRO Motion provides any detail as to what these specific

---

[3]     To be sure, where a prisoner argues that conditions of confinement are such that his confinement, in and of itself, is unconstitutional (because, e.g., authorities cannot modify the conditions at issue by any measure short of release), a federal district court may have jurisdiction to address that argument. At that point, a prisoner would indeed be asserting that his custody itself is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Several cases have held that federal courts have the jurisdiction to address § 2241 petitions by confined detainees seeking relief from conditions related to COVID-19. *See, e.g.*, *Bent v. Barr*, No. 19-CV-06123 (DMR), 2020 WL 1812850, at *3 (N.D. Cal. Apr. 9, 2020) (citing cases); *Malam v. Adducci*, No. 20-10829, 2020 WL 1672662, at *4 (E.D. Mich. Apr. 5, 2020), *as amended* (Apr. 6, 2020). But nothing in Mendez's filings suggests that he is seeking actual release here.

individuals did that might have infringed on Mendez's constitutional rights. (*See generally* Dkt. 1; Dkt. 2.) As a result, if the Court treated Mendez's filings as a *Bivens* action now, it would simply lead to a recommendation of dismissal. Unlike in a habeas action, Mendez must proceed in a civil lawsuit against the specific prison officials whom he alleges violated his constitutional rights, and not the warden (or assistant warden) of the facility where he is confined—unless the warden (or assistant warden) is among the specific officials whom Mendez believes violated his rights. Accordingly, if Mendez proceeds with a civil action, Mendez will have to name in the complaint's caption those specific individuals whom he believes have infringed on his rights, and he will have to raise factual allegations specific to those officials.

Furthermore, the Court recommends dismissal without prejudice, and no new procedural hurdle (e.g., a statute of limitations) is obvious from the Mendez's filings thus far. In other words, Mendez should remain free to prosecute his civil claims in another proceeding.

The upshot of these points is that the Court believes that the better course at this time is to dismiss this action without prejudice. If Mendez wants to pursue a *Bivens* action against Kallis, Wades, or other potential defendants, he may file a new civil action raising those conditions-of-confinement claims. Because the Court recommends that this action be dismissed without prejudice, it further recommends that the TRO Motion be denied as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Raphael Mendez's filing titled "Motion to Accept 28 USC 2241 Writ on Petition Without In Forma Pauperis Application or FMC Rochester, MN Ledger" (Dkt. 1), construed as a request to proceed in forma pauperis in this action, is **GRANTED.**

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Raphael Mendez's filings in this proceeding, construed as a petition for a writ of habeas corpus, be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Mendez's filing titled "Motion for Restrain Order on Subject of Abusive Federal Medical Center Condition 28 USC 2241" be **DENIED** as moot.

Dated: April 20, 2020

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).