UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Raphael Mendez, | File No. 20-cv-924 (ECT/ECW) |
| Petitioner, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| S. Kallis, Warden, and Captain J. Wade, Associate Warden, | |
| Respondents. | |

---

United States Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation on April 20, 2020. ECF No. 4. The Report and Recommendation construes Petitioner Raphael Mendez's filings in this case as a petition for a writ of habeas corpus and recommends dismissing his filings without prejudice for lack of jurisdiction. *Id.* at 7. The Report and Recommendation also recommends denying as moot Mendez's "Motion for Restrain Order on Subject of Abusive Federal Medical Center Condition 28 USC 2241." *Id.* Mendez filed a three-page objection, but his objections are non-responsive to Magistrate Judge Wright's reasoning and recommendation. ECF No. 5. Mendez's only argument that can be interpreted to relate to the Report and Recommendation simply reiterates his original position that "FMC Rochester, Minnesota staff[] are the ONLY Corona Virus Risk to inmate[s] and if any staff gets it they can easily chose [sic] their inmate victim under this present prevention [plan]." *Id.* at 1; *see* ECF No. 2 ¶ 20 ("It is the staffs that needs these preventative measures . . . ."). Mendez then advances three additional arguments that seem unrelated to his original filings: he argues the FMC

Rochester staff have and will "target" him in some way regarding whether he is provided with food, he asserts that he has been required to pay twice to make copies of documents, and he argues that his mail has been "obstructed." *Id.* at 2–3. It is unclear how these factual assertions and arguments relate to Mendez's underlying filings or Magistrate Judge Wright's Report and Recommendation. These objections are sufficiently vague and non-responsive to warrant clear error review. *See, e.g.*, *United States v. Flor*, No. 18-cv-699 (JRT/BRT), 2019 WL 293237, at *2 (D. Minn. Jan 23, 2019) ("Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." (quoting *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015))); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 425 n.1 (N.D.N.Y. 2009)("On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance"). Nonetheless, Mendez's pro se objections will be liberally construed and the Report and Recommendation will be reviewed de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014); *see also Mendez v. Paul*, No. 18-cv-2817 (PJS/HB), 2020 WL 563941, at *1 (D. Minn. Feb. 5, 2020) (finding plaintiff's objections largely "frivolous or irrelevant," but conducting de novo review). On such review, the Report and Recommendation will be accepted.

The Report and Recommendation correctly construes Mendez's filings as "an actual § 2241 petition, and not merely as a motion for IFP status and a motion for a temporary restraining order ("TRO"). R&R at 3. It is well-established that if one "is not challenging

2

the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (citation and internal quotations omitted). Here, Mendez "does not challenge his conviction, nor does he seek a remedy that would result in an earlier release from prison." *Id.* Rather, Mendez seeks alteration or reversal of the COVID-19 related procedures implemented at FMC Rochester. *See generally* ECF No. 2. "As such, [Mendez's] claim[s] relate[] to the conditions of his confinement," and "[c]onsequently, a habeas petition is not the proper claim to remedy his alleged injury." *Spencer*, 774 F.3d at 470. Construing Mendez's filings as a petition under § 2241, then, subject-matter jurisdiction is lacking. *See Liban M. M. v. Sec'y of Dep't of Homeland Sec.*, No. 18-cv-1732 (JRT/TNL), 2019 WL 2331642, at *3 (D. Minn. Apr. 11, 2019), *report and recommendation adopted*, 2019 WL 2329655.

Mendez's objections do not respond to the Report and Recommendation's *Bivens* analysis and, in some respects, confirm that analysis. *See* ECF No. 5. For example, the objections state that "FMC Rochester, Minnesota *staffs* control each food delivered to inmate cells[.]" *Id.* at 2 (emphasis added). This supports the Report and Recommendation's determination that a *Bivens* claim is not adequately alleged here, because the filings do not identify any individual FMC Rochester staff member. *See* Report and Recommendation at 6 ("Unlike in a habeas action, Mendez must proceed in a civil lawsuit against the specific prison officials whom he alleges violated his constitutional rights[.]"). To the extent the filings can be understood to allege that the COVID-19 prevention procedures were implemented directly by the Warden and Associate Warden,

3

the filings do not state how those procedures violate Mendez's constitutional rights. Rather, the filings show that Mendez has different ideas regarding what would constitute appropriate protective measures. An even more fundamental problem with construing Mendez's filings as a *Bivens* action, though, is that Mendez seeks only injunctive relief, not damages. *See* ECF No. 2. "The Supreme Court has not yet addressed the availability of injunctive relief under *Bivens*, but has consistently emphasized that monetary damages are the proper remedy." *Mendez v. Paul*, No. 18-cv-2817 (PJS/HB), 2019 WL 8370790, at *4 (D. Minn. Dec. 10, 2019), *report and recommendation adopted* 2020 WL 563941 (citing *Carlson v. Green*, 446 U.S. 14, 18 (1980), *Butz v. Economou*, 438 U.S. 478, 504 (1978)). "The Second, Ninth, and Tenth Circuits have addressed the availability of injunctive relief in a *Bivens* action and determined that either the type of injunctive relief sought, or injunctive relief as a whole, was not available." *Id.* (citing *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016), *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007), and *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005)). Mendez's filings will not be construed as asserting a *Bivens* claim, and the Report and Recommendation will be accepted. *See Spencer*, 774 F.3d at 471 (thinking it "appropriate to consider the potential detriment to habeas petitioners if district courts, sua sponte, transformed their habeas petitions into *Bivens* or § 1983 claims").

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 5] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 4] is **ACCEPTED**;

3. Petitioner Raphael Mendez's filings in this proceeding [ECF Nos. 1, 2], construed as a petition for a writ of habeas corpus, are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and

4. Petitioner Raphael Mendez's filing titled "Motion for Restrain Order on Subject of Abusive Federal Medical Center Condition 28 USC 2241" [ECF No. 2] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 21, 2020                  s/ Eric C. Tostrud
                                                  Eric C. Tostrud
                                                  United States District Court